1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10   AGCS MARINE INSURANCE
     COMPANY,
11
                 Plaintiff,                    No. CIV S-12-1044 KJM JFM
12
           v.
13
                                               ORDER
14   AMERICAN TRUCK & TRAILER
     BODY COMPANY, et al.,
15
                 Defendants.
16   _____/

17          Defendant American Truck and Trailer Body Company (ATTB) has filed a

18   motion to dismiss or stay this action; plaintiff AGCS Marine Insurance Company (AGCS) has

19   opposed and plaintiff has filed a reply.  The court ordered the motion submitted without

20   argument and now DENIES the motion.

21   I.  BACKGROUND

22          On October 28, 2011 plaintiff AGCS filed a complaint in the Fresno division of

23   this court, invoking the court's diversity jurisdiction and alleging that defendant ATTB entered

24   into an agreement to modify a 2011 Freightliner; that it stored the Freightliner too close to the

25   adjoining property, in violation of municipal codes governing the storage of combustible

26   material; that the adjoining property stored large quantities of boxes and other combustible

                                               1

1  materials, also in violation of municipal code; that the Freightliner was destroyed by fire; and

2  that AGCS insured the owner of the Freightliner.   The complaint contains five causes of action:

3  (1) non-return of personal property; (2) negligence/willful misconduct; (3) breach of implied

4  contract; (4) breach of bailment; and (5) breach of warranty.

5            At the scheduling conference held on February 28, 2012, the Fresno Magistrate

6  Judge assigned at the time directed the parties to meet and confer about "having the matter (and

7  related state matters) litigated in the San Joaquin County State Court or, if no agreement can be

8  reached, having the matter transferred to the Sacramento Division . . . which is the proper venue

9  if the matter is to remain in district court." (ECF Nos. 14, 15.)  In a status report filed April 12,

10 2012, the parties noted their continued disagreement about transfer or dismissal.   (ECF No. 17.)

11  The Magistrate Judge then transferred the case to the Sacramento division on April 20, 2012.

12 (ECF No. 18.)

13           Defendant filed the instant motion on November 9, 2012, arguing that the instant

14 case should be stayed or dismissed in light of a case filed in San Joaquin County Superior Court

15 *American Truck v. Taylor Farms*, Case No. 39-2011-00270180 CU-PO-STK; this case was filed

16 in September 2011, stemming from the fire that started on the Taylor Farms property adjacent to

17 ATTB's property.  It asks the court to take judicial notice of a complaint from the San Joaquin

18 County Superior Court action.

19           A court may take judicial notice "'of proceedings in other courts, both within and

20 without the federal judicial system, if those proceedings have a direct relation to the matters at

21 issue.'" *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (quoting *United States*

22 *ex. rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)).

23 Because the state court records here are essential to the resolution of the pending motion, the

24 court will take judicial notice of them.  They show that on September 28, 2011, ATTB filed suit

25 against Taylor Farms Pacific, Inc. in San Joaquin County Superior Court, alleging that ATTB's

26 property is adjacent to that of Taylor Farms; that Taylor Farms stored plastic bins and boxes in a

1  parking lot that adjoined ATTB's premises; that Taylor Farms did not have a permit for storing

2  the bins and did not store them in compliance with state and municipal fire codes; that Taylor

3  Farms failed to maintain clear space around the bins or enclose them in a suitable fence; that

4  Taylor Farms stored the bins within ten feet of the property line; that on September 10, 2010, a

5  fire started on Taylor Farms' property and spread to ATTB's premises, where it damaged

6  property stored there, including truck chassis.  (ECF No. 27-2 at 13-27.)  The complaint includes

7  five causes of action: (1) negligence; (2) liability under California Health & Safety Code

8  §§ 13007 & 13008; (3) negligence per se; (4) trespass; and (5) nuisance.

9           In response, plaintiff's counsel avers that he filed an action in Alameda County

10  because its insured, Golden State, is based in Alameda County and had a contract with ATTB,

11  but he eventually dismissed rather than litigate over the proper venue for the breach of an

12  electronically signed contract.  (Declaration of Dennis A. Cammarano ¶ 4, ECF No. 28-1.)  He

13  then filed the instant complaint in federal court.  *Id.*  He has also asked the court to take judicial

14  notice of the docket of ATTB's action in San Joaquin County Superior Court; the court grants

15  this request as well.

16  II.  STANDARD

17           The first to file rule is not one of the enumerated bases for dismissal in Rule 12 of

18  the Federal Rules of Civil Procedure.  Some courts have considered a motion based on primacy

19  of filing to be a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) or

20  for improper venue under Rule 12(b)(3).  *Ervin v. Kelly*, No. C10–5145 BHS, 2010 WL 2985675

21  (W.D. Wash. Jul. 23, 2010); *E-Z-Em, Inc. v. Mallinckrodt*, Civil Action No. 2–09–cv–124, 2010

22  WL 1378820 (E.D. Tex. Feb. 26, 2010).  Other courts have found such a motion to be outside

23  the ambit of Rule 12(b) motions.  *Fujitsu Ltd. v. Nanya Techn. Corp.*, No. C 06-6613 CW, 2007

24  WL 484789 at *5 (N.D. Cal. Feb. 9, 2007).  The Ninth Circuit has said that a motion to abstain

25  pending resolution of a state court action does not "seek relief provided under Rule 12(b)."

26  *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1475 (9th Cir. 1988); *Manna v.*

3

1 *Greenburgh No. 11 Sch. Dist*., 2 F. Supp. 2d 461, 463 n.1 (S.D.N.Y. 1998) (declining to treat

2 abstention motion as one brought under Rule 12(b)).   Because the motion is not one to dismiss

3 under Rule 12(b)(6), the court may consider material outside the record.  *See* FED. R. CIV. P.

4 12(d).

5 III.  ANALYSIS

6         Defendant argues that under the "first-to-file" rule, this action should be

7 dismissed or stayed in light of the earlier filed state court action.  Plaintiff counters that the

8 doctrine applies only when the earlier and later cases have both been filed in district court.  It

9 then argues that a stay is not appropriate by virtue of *Colorado River*[1] abstention.  In reply

10 defendant contends that a stay is appropriate even if the court applies the test for *Colorado River*

11 abstention.

12         The court agrees with plaintiff that the first-to-file rule is not applicable here.

13 Under that doctrine, as a matter of comity, a court has the discretion to dismiss, stay or transfer a

14 case when a complaint involving the same or similar issues and parties has already been filed in

15 another district.  *Alltrade, Inc. v. Uniweld Prods., Inc*., 946 F.2d 622, 625 (9th Cir. 1991);

16 *Adoma v. University of Phoenix*, 711 F. Supp. 2d 1142, 1146 (E.D. Cal. 2010).  "Because 'the

17 first to file priority presumption has evolved from and is applied in cases involving intra-federal

18 conflicts between federal district courts of concurrent jurisdiction' in order to promote efficiency

19 and to avoid duplicative litigation, it 'is not necessarily the guidepost for the setting here, where

20 parallel litigation is pending in federal and state courts.'" *Just Film, Inc. v. Merchant Servs, Inc*.,

21 No. C 10–1993 CW, 2012 WL 10555, at *4 (N.D. Cal. Jan. 3, 2012) (quoting *Newmont USA*

22 *Ltd. v. Am. Home Assurance Co.*, No. CV–09–33–JLQ, 2009 WL 1764517, at *3 (E.D. Wash.

23 June 21, 2009)).

24 /////

25

26     [1] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

1    Nevertheless, the existence of the state court action may provide a basis for a stay

2    in some circumstances.  In *Colorado River*, the Court recognized that while federal courts have a

3    "virtually unflagging obligation [] to exercise the jurisdiction given them," abstention may be

4    appropriate in exceptional circumstances.  *Colorado River*, 424 U.S. at 813, 817.  "Generally, as

5    between state and federal courts, the rule is that 'the pendency of an action in the state court is

6    no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .'"

7    *Id.* at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)).  In deciding whether a stay

8    is appropriate in the face of a parallel proceeding, courts must consider "'[wise] judicial

9    administration, giving regard to conservation of judicial resources and comprehensive

10   disposition of litigation.'"  *Id.* at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,

11   342 U.S. 180, 183 (1952)).  However, "the circumstances permitting the dismissal of a federal

12   suit due to the presence of a concurrent state proceeding for reasons of wise judicial

13   administration are considerably more limited than the circumstances appropriate for abstention."

14   *Id.* at 818.

15   The court's "task is to ascertain whether the 'clearest of justifications' counsel the

16   *surrender* of [federal] jurisdiction."  *Moses H. Cone Memorial Hospital v. Mercury Constr.*

17   *Corp.*, 460 U.S. 1, 25-26 (1983) (emphasis in original).  The court should consider these factors

18   in deciding whether to stay or dismiss a case:  "(1) whether either court has assumed jurisdiction

19   over a *res*;[2] (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal

20   litigation; [] (4) the order in which the forums obtained jurisdiction[;] (5) whether state or federal

21   law controls; and (6) whether the state proceeding is adequate to protect the parties' rights."

22   *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989) (internal citations omitted).  Other

23   factors include the prevention of forum shopping and the substantial similarity of the two

24   proceedings; exact parallelism of the actions is not required.  *Smith v. Central Arizona Water*

25

26   [2] As the present case does not involve property, this factor is not applicable here.

5

1   *Conservation District*, 418 F.3d 1028, 1033 (9th Cir. 2005); *Travelers Indem. Co. v. Madonna*,

2   914 F.2d 1364, 1368, 1372 (9th Cir. 1990); *see generally R.R. Street & Co., Inc. v. Transport*

3   *Ins. Co*., 656 F.3d 966, 979 n.9 (9th Cir. 2011) (discussing common law roots of the factors).

4            "[T]he decision whether to dismiss a federal action because of parallel state-court

5   litigation does not rest on a mechanical checklist, but on a careful balancing of the important

6   factors as they apply in a given case, with the balance heavily weighted in favor of the exercise

7   of jurisdiction. The weight to be given to any one factor may vary greatly from case to case,

8   depending on the particular setting of the case." *Cone*, 460 U.S. at 16.  "Any doubt as to

9   whether a factor exists should be resolved against a stay, not in favor of one." *Travelers Indem.*,

10  914 F.2d at 1369.

11       A.  Convenience of the Forums

12           ATTB is located in Tracy, California, while AGCS's principal place of business

13  is in Illinois.  Counsel for both parties are located in Los Angeles.  This factor is neutral, as

14  neither forum appears to have marked advantages or disadvantages.

15       B.  Avoiding Piecemeal Litigation

16           "'Piecemeal litigation occurs when different tribunals consider the same issue,

17  thereby duplicating efforts and possibly reaching different results.'" *Travelers Indem*., 914 F.2d

18  at 1369 (quoting *American Int'l Underwriters v. Continental Ins. Co.*, 843 F.2d 1253, 1258

19  (9th Cir. 1988)).  However, the "mere possibility of piecemeal litigation does not constitute an

20  exceptional circumstance." *R.R. Street & Co*., 656 F.3d at 979.

21           As the two here actions raise different issues, there is no danger of the sort of

22  piecemeal litigation *Colorado River* abstention would prevent: the instant case addresses only

23  ATTB's liability stemming from its alleged negligence and violation of state guidelines

24  governing combustible material, while the San Joaquin County case addresses only Taylor

25  Farms' liability stemming from its alleged negligence and violations of state and local codes.

26  Given the pleadings currently before the court, it does not appear this court will be considering

1  the same issues as the San Joaquin County Superior Court.  This factor thus does not favor

2  abstention.

3      C.  Order In Which The Forums Obtained Jurisdiction

4          "'Priority should not be measured exclusively by which complaint was filed first,

5  but rather in terms of how much progress has been made in the two actions.'"  *Travelers*

6  *Indem.*, 914 F.2d at 1370 (quoting *Cone*, 460 U.S. at 21).  Although the state action was filed

7  earlier, its docket shows there have been several case management conferences apparently

8  involving only ATTB, because Taylor Farms did not file its answer to ATTB's complaint until

9  November 29, 2012; another case management conference has now been scheduled.  ECF No.

10  28-4 at 2-3.  In this court, in contrast, a pretrial scheduling order has issued after the parties

11  appeared and cooperated in filing a joint status report.  ECF Nos. 23, 25.  This factor does not

12  favor abstention.

13      D.  Controlling Law

14          The parties agree that California law controls the disposition of this action, a

15  factor which favors abstention.  As only state law claims are pled, there are no federal law issues

16  that weigh against surrender of jurisdiction.  *See Cone*, 460 U.S. at 26.  This factor favors

17  abstention.

18      E.  Adequacy of State Court

19          The Ninth Circuit has said that "[t]his factor involves the state court's adequacy

20  to protect federal rights, not the federal court's adequacy to protect state rights."  *Travelers*

21  *Indem.*, 914 F.2d at 1370.  As this case does not involve any federal rights, this factor is neutral.

22      F.  Forum Shopping

23          "In the *Colorado River* context, [the Ninth] Circuit has held that forum shopping

24  weighs in favor of a stay when the party opposing the stay seeks to avoid adverse rulings made

25  by the state court or to gain a tactical advantage from the application of federal court rules."

26  *Travelers Indem.*, 914 F.2d at 1371.  There is a suggestion that AGCS has engaged in forum

7

1   shopping, as it dismissed its state court complaint because of perceived difficulties in litigation
2   in that forum.  This factor favors abstention.

3       G.  Similarity of the Actions

4           Proceedings are "substantially similar when 'substantially the same parties are
5   contemporaneously litigating substantially the same issues in another forum.'"  *Sabbag v.*
6   *Cinnamon*, No. 5:10-cv-02735-JF (HRL), 2010 WL 8470477, at *5 (N.D. Cal. Dec. 10, 2010)
7   (quoting *Travelers Cas. and Sur. Co. of America v. Comerica Bank*, No. CIV. S-08-366
8   FCD/KJM, 2009 WL 2136922, at *3 (E.D.Cal. July 15, 2009) (quoting *Interstate Material*
9   *Corp.*, 847 F.2d at 1288)).  "[A]pplication of the *Colorado River* doctrine does not require an
10  exact duplication of the parties involved or the claims asserted."  *Id*. at *5.

11          Although the genesis of both actions is the fire that started on the Taylor Farms
12  property, AGCS is not a party to the state action, while Taylor Farms is not a party to the instant
13  action.  Moreover, the focus of the actions is different, with little if any overlap.  This factor does
14  not favor abstention.

15  IV.  CONCLUSION

16          Two factors, including the important forum shopping factor,  favor abstention.
17  Three factors do not favor abstention, including factors that deserve significant weight, those of
18  avoiding piecemeal litigation and the amount of progress made in this court.  The rest are
19  neutral.  Under these circumstances, balancing and weighing the relevant factors, this court
20  heeds the Supreme Court's caution that a court should dismiss or stay an action only in
21  exceptional circumstances.  As there are no such circumstances here, the court denies
22  defendant's motion to dismiss or stay the action (ECF No. 27).

23          IT IS SO ORDERED.

24  DATED:  January 8, 2013.

25

26                              _____
                                UNITED STATES DISTRICT JUDGE

8